IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM POOR, #Y30054, | |
| Plaintiff, | Case No. 23-cv-00014-SPM |
| v. | |
| ROB JEFFREYS, DAVID MITCHELL, W. LAWLESS, JEFF SPENCER, MS./MRS. HILL, ALEXANDER R. RODMAN, C. HALE, BRANDON W. RIDGEWAY, MARCUS T. NEAL, TRAVIS BAYLER, D. CLAUSE, AARON M. LACY, MARTIN, ANITA HILL, TYNER, WEBB, SADDLER, E. ADCOCK, JOSEPH DUDECK, STUTS, RYAN, MYERS, FRANK, SPENCER, BAKER, TATE, MORGAN, JOHNSON, SMITH, DILLNER, WALLA, WANGLER, J. MAONATI, M. LIVELY, C. SIMMONS, | |

| | |
|---|---|
| **BELL,**<br>**ADAM,**<br>**DIANE SKORON,**<br>**OBERTINI,**<br>**JOHN OR JANE DOE 1,**<br>**JOHN OR JANE DOE 2,**<br>**JOHN OR JANE DOE 3, and**<br>**JOHN OR JANE DOE 4,**<br><br>              **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff William Poor, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on May 6, 2022, while checking out to leave his housing wing to attend school, Correctional Officer Lacy spit in his face and yelled. (Doc. 1, p. 8). When Plaintiff asked Lacy why he was acting this way towards him, Lacy told Plaintiff, "I'm sick of dealing with you. Cuff-up now." Lacy slammed Plaintiff against the wall and placed him in handcuffs. Plaintiff was then taken to segregation and received a disciplinary ticket. That same day, Plaintiff was placed on crisis watch and went on a hunger strike. (*Id.*).

On May 10, 2022, the ticket was expunged due to exonerating evidence. (Doc. 1, p. 8). When Plaintiff was being released from crisis watch, Ms. Hill, who works in the placement office, told Plaintiff that he deserved to "get his ass whopped." She went on to tell Plaintiff that she placed him where she wanted him and that he was the one who "got into trouble so have fun in your new cell." Plaintiff was then placed in a cell with a cellmate who was much larger than him, serving a life sentence, and had a history of violence. (*Id.*). Over a period of seventeen days, Plaintiff's cellmate, Willie Vail, bullied him, called him names, and abused him mentally and physically. (*Id.* at p. 9).

On May 27, 2022, around 1 to 2 a.m., Vail was drinking bottles of "wine" and forced Plaintiff to drink it too. (Doc. 1, p. 9). Vail threatened Plaintiff with violence if he refused. At approximately 2 a.m., Plaintiff was sitting on his property box, and Vail ordered him to move. Plaintiff refused and hit the emergency button. Vail punched Plaintiff giving him a swollen check and a black eye. Plaintiff then went and laid on his bunk and stayed there until he went to yard at 12:30 p.m. Plaintiff reported the incident and was seen by a nurse and placed in restrictive housing on investigation status. (*Id.*). On June 3, 2022, Vail was placed in the cell across from Plaintiff. (*Id.*). Vail started making verbal threats towards Plaintiff. On June 7, 2022, Plaintiff received a disciplinary ticket for the events that occurred on May 27 with his cellmate. (*Id.* at p. 10).

On September 26, 2022, Plaintiff was released from restrictive housing. (Doc. 1, p. 11-12). Again, Plaintiff was placed in a cell next to Vail. (*Id.* at p. 11). When Plaintiff left his cell to go to commissary, he went and spoke to a correctional officer who removed Plaintiff from the cell house. The correctional officer also punished Plaintiff for refusing housing by issuing him a disciplinary ticket and placed him on "dayroom restriction." Plaintiff was told by Lieutenant Wangler that there was not a keep separate from ("KSF") order recorded in the computer system.

**PRELIMINARY DISMISSAL**

Plaintiff names forty-four individuals as Defendants but asserts allegations against only ten of them in his statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, because Plaintiff does not plead any factual allegations against Defendants Lawless, Spencer, Rodman, Hale, Ridgeway, Neal, Clause, Turner, Webb, Saddler, E., Adcock, Dudeck, Ryan, Myers, Frank, Spencer, Baker, Tate, Morgan, Johnson, Smith, Dillner, Walla, Maonati, Simmons, Bell, Adam, Skoran, Obertini, and John Does 1-4, they will be dismissed from this action without prejudice.

The Court also will dismiss all claims against Ms. Stuts. Plaintiff describes her as being employed as a mental health professional at Pinckneyville. (Doc. 1, p. 4). She is not, however, mentioned in the statement of claim. Plaintiff does state that after he was punched by Vail, he spoke to "mental health Ms. S," but it is not clear the Ms. Stuts and Ms. S are the same person. (*Id.* at p. 9). To the extent Ms. S is Ms. Stuts, Plaintiff has failed to state a claim against her. Plaintiff does not allege any factual allegations regarding her conduct, what she did or failed to do that deprived him of a constitutional right. Accordingly, all claims against Ms. Stuts are dismissed without prejudice.

Likewise, the Court will dismiss any claims against Lieutenant Wangler. Plaintiff alleges that Lieutenant Wangler told him there was not a keep separate from order in the computer for

Plaintiff and Vail. (Doc. 1, p. 12). This conversation, as pled, does not violate any of Plaintiff's constitutional rights.

### DISCUSSION

Based on the allegations in the Complaint and Plaintiff's articulation of his claims, the Court designates the following counts:

> **Count 1:** Eighth Amendment excessive force claim against Correctional Officer Lacy.
>
> **Count 2:** Fourteenth Amendment claim against Martin for depriving Plaintiff of his property.
>
> **Count 3:** Eighth Amendment cruel and unusual punishment claim against Ms. Hill for intentionally placing Plaintiff in a cell with violent cellmate.
>
> **Count 4:** Claim against Anita Hill, Lively, Mitchell, Jeffreys, and Baylor for the mishandling of Plaintiff's grievances in violation of the Fourteenth and Eighth Amendments.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

Plaintiff has sufficiently stated a claim of excessive force against Lacy for spitting on him, yelling, and slamming him to the wall. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). Count 1 will proceed against Lacy.

### Count 2

Plaintiff claims that when he was placed in segregation on May 6, 2022, his property was

---

[1] *See Twombly,* 550 U.S. at 570.

taken from him. (Doc. 1, p. 8). When his property was returned, he was missing several legal books. (*Id.*). On June 3, 2022, Plaintiff was informed that his legal books were found, and that Sergeant Martin would return the books to him. (*Id.* at p. 9). Plaintiff went to go retrieve the books and gave Martin a receipt for the property. (*Id.* at p. 9-10). Then an unknown inmate walked by and told Plaintiff to give him the books or he would "beat Plaintiff's ass." (*Id.* at p. 10). Plaintiff said no, and the unknown inmate "acted out and tried to refuse to lock-up." Martin then refused to return the books to Plaintiff, even though Plaintiff had a receipt proving the books belonged to him. Plaintiff claims Martin deprived him of his property.

To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. However, if the state provides an adequate remedy, Plaintiff has no colorable civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Illinois provides an adequate post-deprivation remedy; an action for damages in the Illinois Court of Claims. *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims. Count 2 will be dismissed with prejudice.

### Count 3

Plaintiff has stated an Eighth Amendment claim against Hill, who knew Plaintiff's cellmate posed a substantial risk of serious injury to him yet intentionally placed him in the cell and failed to take appropriate steps to protect him from that danger. *See Farmer v. Brennan,* 511 U.S. 825, 847 (1994).

### Count 4

Plaintiff appears to be attempting to hold Anita Hill, Lively, Jeffreys, and Baylor liable for the manner in which they handled his grievances and for failing to correct conduct by Pinckneyville staff that hindered Plaintiff's ability to use the grievance process. These claims are

dismissed.

There are no due process rights under the Fourteenth Amendment or First Amendment protections associated with a prison grievance process. *Owens v. Hinsley,* 635 F.3d 950, 953–54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause...."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Nor can the named officials be liable for simply denying or mishandling Plaintiff's grievances. *Owens*, 635 F.3d at 953 ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Accordingly, Count 4 is dismissed against Hill, Lively, Jeffreys, and Baylor for failing to timely respond or investigate and ultimately denying Plaintiff's grievances.

### OFFICIAL CAPACITY CLAIM

The only surviving claims are Count 1 against Lacy and Count 3 against Ms. Hill. Plaintiff states he is suing Lacy and Hill in their individual and official capacities. (Doc. 1, p. 2, 3). Plaintiff is seeking monetary damages and a declaratory judgment stating that IDOC and Pinckneyville violated his constitutional rights. (*Id.* at p. 13).

Plaintiff's claims against Lacy and Hill in their official capacities are dismissed. Plaintiff cannot sue Defendants in their official capacity for monetary damages. *See MSA Realty Corp. v. State of Ill*., 990 F.2d 288, 291 (7th Cir. 1993). Additionally, Plaintiff's request for declaratory relief is not seeking a declaration of rights between the parties, but "relief that would be duplicative of a jury's conclusion at trial," that Plaintiff's constitutional rights were violated. *Williams v. Jordan,* 2023 WL 3844687, at *3 n. 6 (citing *Pearson v. Welborn,* 471 F. 3d 732, 743 (7 Cir. 2006)). Accordingly, his request for a declaratory judgment is dismissed. Counts 1 and 3 will

proceed against Defendants in their individual capacities only.

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Lacy. **COUNT 3** will proceed against Hill. **COUNTS 2** and **4** are **DISMISSED with prejudice**. Because there are no surviving claims against Martin, Anita Hill, Lively, Mitchell, Jeffreys, and Baylor, the Clerk is **DIRECTED** to terminate them as defendants on the docket. All claims against Lawless, Spencer, Rodman, Hale, Ridgeway, Neal, Clause, Turner, Webb, Saddler, E, Adcock, Dudeck, Stuts, Ryan, Myers, Frank, Spencer, Baker, Tate, Morgan, Johnson, Smith, Dillner, Walla, Wangler, Maonati, Simmons, Bell, Adam, Skoran, Obertini, and John Does 1-4 are **DISMISSED without prejudice.** The Clerk is **DIRECTED** to also terminate these individuals as Defendants on the docket.

The Clerk of Court **SHALL** prepare for Lacy and Hill the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the

Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 24, 2023**

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.